**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-3315-STV

JOHN WILLIAM WOOD, JR,

      Plaintiff,

v.

LA PLATA COUNTY DETENTION FACILITY,
JACOB HARRIS,
RANDELL CLARK,

      Defendants.

_____

**ORDER**
_____

Chief Magistrate Judge Scott T. Varholak

This matter comes before the Court on Defendants' Motion for Judgment on the Pleadings Under F.R.C.P. Rule 12(c) (the "Motion") [#30].  The Motion is before the Court on the parties' consent to have a United States magistrate judge conduct all proceedings in this action and to order the entry of a final judgment.  [##54, 55]  This Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion.  For the following reasons, the Motion is **GRANTED**.

I.     **BACKGROUND**[1]

At all relevant times, Plaintiff was in custody at the La Plata County Detention Facility (the "Facility"), presumably as a pretrial detainee.  [#13 at 2]  Defendant Jacob

---

[1] The facts are drawn from Plaintiff's Amended Prisoner Complaint [#13] (the "Complaint") which, as detailed in Section II below, the Court accepts as true.

Harris is a Lieutenant at the Facility and Defendant Randall Clark is a Sergeant at the Facility. [*Id.* at 3]  According to Plaintiff, he requested a Kufi, prayer rug, and Qur'an from his property and was instead given a used orange Kufi and a used prayer towel. [*Id.* at 4]  Plaintiff further alleges that he requested a Halal diet but that was also denied. [*Id.*]  Finally, Plaintiff alleges that he requested access to a religious advisor and religious services but those were denied despite the fact that the Facility provides services for other religions. [*Id.*]  According to the Complaint, Plaintiff filled out kites and grievances to Defendants Harris and Clark but those were denied. [*Id.* at 3]

Plaintiff initiated this action on October 20, 2025. [#1]  The operative Complaint alleges two causes of action, both pursuant to 42 U.S.C. § 1983: (1) violation of the Fourteenth Amendment's Equal Protection Clause, and (2) violation of the First Amendment's Free Exercise Clause. [#13 at 4]  The claims are asserted against the Facility, Lieutenant Harris, and Sergeant Clark. [*Id.*]  On February 9, 2026, Defendants filed the instant Motion seeking judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). [#30]  Plaintiff has responded to the Motion [#37] and Defendants have replied [#41].

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Accordingly, in deciding both motions, the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the

2

plaintiff."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly,* 550 U.S. at 556).  The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  "The *Haines* rule applies to all proceedings involving a pro se litigant."  *Id.* at 1110 n.3.  The Court, however, cannot be a pro se litigant's advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### III.    Analysis

Defendants first argue that the Facility is not a proper Defendant because it is "a brick and mortar building" and a detention facility is not a person or legally created entity capable of being sued.  [#30 at 3]  The Court agrees.  "The majority of courts which have considered the issue have concluded that a detention facility lacks the capacity to be sued."  *Carey v. Lawton Corr. Facility*, No. CIV-07-944-F, 2008 WL 200053, at *3 n.5 (W.D. Okla. Jan. 24, 2008); *see also Dutton v. City of Midwest City*, 630 F. App'x 742, 744 (10th Cir. 2015) ("As for the [Oklahoma County Detention Center], it is not a person or legally created entity that can be sued under § 1983.").  Thus, the Court GRANTS the Motion to the extent it seeks dismissal of the claims against the Facility.  Because these claims cannot be cured with better pleading, the Court will enter judgment in favor of the Facility.

Defendants next argue that, with respect to the claims against the individual Defendants, Plaintiff has failed to adequately allege who harmed him and in what manner.  [#30 at 4-5]  The Court agrees.  To maintain an individual capacity claim under Section 1983, a plaintiff must establish either personal or supervisory liability of the defendants.  *Brown v. Montoya*, 662 F. 3d 1152, 1163 (10th Cir. 2011).  Personal liability must be based on personal involvement in a constitutional violation.  *Id*.  And "it is particularly important in a § 1983 case brought against a number of government actors sued in their individual capacity . . . that the complaint make clear exactly who is alleged to have done what to whom . . . as distinguished from collective allegations."  *Id*. at 1165 (quotations omitted).

4

Here, with respect to Defendants Harris and Clark, the Complaint merely alleges that each Defendant denied Plaintiff's "kites and grievances requesting . . . religious needs, diet and services." [#13 at 3]  But, it is not even clear that Defendants Harris and Clark were the individuals within the Facility who were responsible for assuring Plaintiff's religious needs were met.  And the mere denying of an inmate's grievance, without an accompanying personal responsibility for the deprivation of the inmate's rights, does not give rise to the personal participation that is needed for a Section 1983 claim.  *Bird v. Lampert*, 839 F. App'x 218, 223 (10th Cir. 2020); *Walker v. Hickenlooper*, 627 F. App'x 710, 715 (10th Cir. 2015); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).  Thus, because Plaintiff has not sufficiently alleged the personal participation of Defendants Harris and Clark in the deprivation of Plaintiff's First and Fourteenth Amendment rights, the Court GRANTS the Motion to the extent it seeks to dismiss the claims against these individual Defendants.

The Court notes, however, that judgment in favor of the individual Defendants is not the appropriate result here.  As explained by a sister court in this Circuit:

> [I]n ruling on defendant's [Rule 12(c)] motion, the court will consider whether, with respect to a particular cause of action, plaintiff fails to state a claim for substantive reasons or because of . . . procedural defects in the pleading.  The court stresses that defendant properly brought its motion under rule 12(c) in either case.  The distinction, however, affects the court's disposition of the claims at issue here . . . .
>
> Where the challenge to a claim is substantive, the motion more comports with the usual purpose of a motion under rule 12(c), and judgment in favor of defendant is appropriate if the challenge is successful.  In that case, plaintiff loses not for failure to plead certain facts, but because the facts that have been alleged, accepted as true for purposes of the motion, nonetheless do not give rise to liability under a recognized cause of action. If, on the other hand, plaintiff does not state a claim with respect to certain allegations because the procedural pleading requirements of Fed. R. Civ. P. 8(a) have not been met, judgment for defendant is not necessarily the

> proper result here. Rather, the court concludes in its discretion that plaintiff should be permitted to cure the procedural deficiencies by filing an amended complaint.
>
> . . .
>
> Thus, where defendant argues that plaintiff has not pled a claim with sufficient particularity, the motion is more in the nature of a rule 12(b)(6) motion. If the court agrees that plaintiff's pleading is deficient, it will allow plaintiff to amend, as it routinely would in addressing motions filed before the close of the pleadings.

*Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1282 (D. Kan. 1997). The Court agrees with this approach. Indeed, any contrary reading would allow the savvy defendant to answer an otherwise curable complaint, then move for judgment on the pleadings, thereby depriving a plaintiff who has a potentially meritorious claim the opportunity to amend and cure the deficiency. Such an approach is contrary to Rule 15 and the Court's obligation to remain cognizant of the fact that dismissal without prejudice is preferable, particularly where pleading deficiencies may be the result "of an untutored pro se litigant's ignorance of . . . pleading requirements." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, the Court GRANTS Plaintiff leave to file an amended complaint to cure the deficiencies identified herein.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings Under F.R.C.P. Rule 12(c) (the "Motion") [#30] is **GRANTED**. **JUDGMENT SHALL ENTER** in favor of the Facility and Plaintiff's claims against Defendants Harris and Clark are **DISMISSED WITHOUT PREJUDICE**. Should Plaintiff wish to continue pursuing his claims against Defendants Harris and Clark, he shall file an amended complaint on or before June 26, 2026. Should Plaintiff fail to file an amended complaint by that deadline, judgment will enter in favor of Defendants Harris and Clark.

6

DATED:  May 29, 2026                             BY THE COURT:

                                                 s/Scott T. Varholak
                                                 United States Magistrate Judge